IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

BRIAN T. COLLUM,                     )
                                     )
              Plaintiff,             )          8:12CV153
                                     )
         v.                          )
                                     )
PAYPAL,                              )          MEMORANDUM AND ORDER
                                     )
              Defendant.             )
_____)

          Plaintiff Brian T. Collum ("Collum") filed his
complaint in this matter on May 3, 2012 (Filing No. 1).  Collum
has previously been given leave to proceed in forma pauperis
(Filing No. 5).  The Court now conducts an initial review of the
complaint to determine whether summary dismissal is appropriate
under 28 U.S.C. § 1915(e)(2).

**I.   SUMMARY OF COMPLAINT**

          Collum's complaint is his fourth attempt in this Court
to sue his previous employer, PayPal.  (*See Collum v. PayPal,
Inc.*, Case No. 8:10CV452, Filing No. 22 (dismissing Collum's
allegations of harassment, discrimination, and other issues in
the workplace because Collum failed to state a claim under the
Family and Medical Leave Act ("FMLA") or any other federal
statute); *Collum v. PayPal, Inc.*, Case No. 8:11CV12, Filing No.
16 (dismissing Collum's allegations that PayPal discriminated
against him in violation of the Americans with Disabilities Act
("ADA") because he failed to allege that he exhausted his

administrative remedies prior to filing suit); *Collum v. PayPal*, Case No. 8:12CV17, Filing No. 18 (dismissing Collum's defamation and false light claims against PayPal for lack of subject matter jurisdiction).)  In this complaint, Collum states that he has "been treated differently and not in the same ways as others at PayPal."  (Filing No. 1 at CM/ECF p. 13.)  He also reasserts his defamation and false light claims along with his allegations of harassment and discrimination.  (*Id*. at CM/ECF pp. 1-13.)  Collum states that he will "subpoena the [Nebraska Equal Opportunity Commission ("NEOC")] for documents" in three NEOC claims, (i.e. "2-2-08, NEB 1-07/08-2-38938-R; 3-19-09, NEB 1-08/09-3-40262-R; and . . . NEB1-09/10-5-41457-RS"), to prove his claims of "defamation and false light."  (*Id*. at CM/ECF p. 13.)  Collum seeks "40 million dollars . . . [because he was] harassed and menaced in ways that have sent [him] into a depressive state that never should never have happened."  (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

-2-

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

As the Court has previously informed Collum, general allegations of harassment, discrimination, and other issues in the workplace do not state a claim upon which relief may be granted. (*See, e.g., Collum v. PayPal, Inc.*, Case No. 8:10CV452, Filing No. 15 at CM/ECF p. 4, and Filing No. 22.) Indeed, the Court has informed Collum of the prima facie requirements to state a claim under the FMLA and of the exhaustion requirements

-3-

of Title VII.  (*See Collum v. PayPal, Inc.*, Case No. 8:10CV452,
Filing No. 22; *Collum v. PayPal, Inc.*, Case No. 8:11CV12, Filing
No. 16 (dismissing case "without prejudice to reassertion after
Plaintiff exhausts his administrative remedies").)  Although it
appears that Collum has presented "claims" to the NEOC, it is
unclear what those claims were.  Moreover, Collum does not allege
that he is a member of a suspect class, disabled, or was
retaliated against for using FMLA leave.

        Liberally construed, Collum may be alleging that he was
treated differently than other PayPal employees in violation of
his equal protection rights.  However, Collum did not allege that
PayPal is a state actor or that there was no rational basis for
his different treatment.  *See Alexander v. Pathfinder, Inc.*, 189
F.3d 735, 740 (8th Cir. 1999) (concluding private corporation
could not be sued under § 1983 for equal protection claims
because it was not a state actor); *Mathers v. Wright*, 636 F.3d
396, 399 (8th Cir. 2011) (concluding that to state a class-of-one
equal protection claim, a plaintiff must allege that a defendant
intentionally treated her differently from others who are
similarly situated and that no rational basis existed for the
difference in treatment).  In short, Collum's general allegations
of harassment, discrimination, and other issues in the workplace
do not state a claim upon which relief may be granted.

-4-

However, on its own motion, the Court will provide Collum with the opportunity to amend his complaint to sufficiently allege a claim against PayPal. Any amended complaint shall restate the allegations of Collum's current complaint (Filing No. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Collum fails to file an amended complaint in accordance with this Memorandum and Order, Collum's claims against PayPal will be dismissed without further notice.

Pending amendment of the complaint as set forth in this Memorandum and Order, the Court makes no finding regarding its jurisdiction over any potential state law claims.

IT IS ORDERED:

1.   Collum shall have until **July 23, 2012**, to amend his complaint and clearly state a claim upon which relief may be granted against PayPal in accordance with this Memorandum and Order. If Collum fails to file an amended complaint, Collum's claims against PayPal will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2.   In the event that Collum files an amended complaint, Collum shall restate the allegations of the current complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

-5-

3.    The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **July 23, 2012.**

4.    Collum shall keep the court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 3rd day of July, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

_____
     *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.