IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN T. COLLUM, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV153 |
| | ) | |
| v. | ) | |
| | ) | |
| PAYPAL, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

On July 3, 2012, the Court conducted an initial review of plaintiff Brian T. Collum's ("Collum") complaint and concluded that his general allegations of harassment, discrimination, and other issues in the workplace did not state a claim upon which relief could be granted (Filing No. 6). However, the Court provided Collum with the opportunity to file an amended complaint. (*Id*.)

On July 13, 2012, Collum filed an untitled motion asking the Court to amend the documents he already filed in this case (Filing No. 7 at CM/ECF p. 1). The Court liberally construes this filing as a motion to amend complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court should freely give leave to amend "when justice so requires." The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded

> an opportunity to test his claims on the merits. In the absence of any apparent reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Because the Court previously granted Collum the opportunity to amend (*see* filing no. 6), his motion to amend is granted and the Court will consider Collum's amended allegations "as supplemental to, rather than as superseding" his original Complaint. *See* NECivR 15.1.

In his motion, Collum states that, due to harassment from his coworkers, he became clinically depressed and was placed on short-term disability (Filing No. 7 at CM/ECF pp. 1-4). Collum adds that defendants fired him on December 28, 2010, but he does not explain why. (*Id*.)

As the Court previously explained in its July 3, 2012, memorandum and order, this case represents Collum's fourth attempt, in this Court, to sue his previous employer, PayPal. (*See Collum v. PayPal, Inc.*, Case No. 8:10CV452, Filing No. 22 (dismissing Collum's allegations of harassment, discrimination, and other issues in the workplace because Collum failed to state a claim under the Family and Medical Leave Act ("FMLA") or any other federal statute); *Collum v. PayPal, Inc.*, Case No.

8:11CV12, Filing No. 16 (dismissing Collum's allegations that PayPal discriminated against him in violation of the Americans with Disabilities Act ("ADA") because he failed to allege that he exhausted his administrative remedies prior to filing suit); *Collum v. PayPal*, Case No. 8:12CV17, Filing No. 18 (dismissing Collum's defamation and false light claims against PayPal for lack of subject matter jurisdiction).) Collum's amended allegations, even when considered as supplemental to his original complaint, are insufficient to nudge his "claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Indeed, Collum does not allege that he was fired because he is a member of a protected group or because he is disabled. Moreover, Collum does not allege that there was a causal connection between his exercise of FMLA leave and his termination, nor that any harassment he experienced resulted from his depression. *See Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 778 (8th Cir. 2012) (holding that to state a hostile work environment claim under the ADA, a plaintiff must show "that he is a member of the class of people protected by the statute, that he was subject to unwelcome harassment, that the harassment

resulted from his membership in the protected class, and that the harassment was severe enough to affect the terms, conditions, or privileges of his employment"). A separate order will be entered in accordance with this memorandum opinion.

DATED this 14th day of August, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.